## UNITED STATES DISTRICT COURT
## Western District of Texas
## Austin Division

| | | |
|---|---|---|
| LUCAS MCGILL | § | |
| | § | |
| *Plaintiff* | § | 1:21-CV-00067 |
| | § | |
| v. | § | |
| | § | |
| EASTERN ACCOUNT | § | |
| SYSTEM OF CONNECTICUT, | § | |
| INC. | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

1.    Plaintiff Lucas McGill sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## VENUE

2.    Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

<u>THE PARTIES</u>

3.     Plaintiff Lucas McGill (**"McGill"**) is an individual who resides in Travis County, Texas.

4.     Defendant Eastern Account System of Connecticut ("**EAS**") may be served by serving its registered agent at the following address:

> Corporation Service Company
> 701 Brazos, Suite 1050
> Austin, TX 78701

<u>FACTUAL ALLEGATIONS</u>

5.     McGill is resides in Austin, Texas.

6.     McGill allegedly incurred a debt for medical services.

7.     McGill did not pay the alleged debt.

8.     The alleged debt went into default.

9.     After default, the alleged debt was placed with EAS for collection.

10.    EAS describes itself as having "over 30 years of proven success in handling our clients' customer service, delinquency and collections needs."[1]

11.    EAS tried to collect the alleged debt from McGill.

---

[1] See https://easternaccounts.com/what-makes-us-different/

12.   EAS reported information regarding the alleged debt to one or more credit bureaus.

13.   McGill retained counsel.

14.   McGill's counsel sent EAS a letter disputing the amount of the alleged debt on November 30, 2020.

15.   EAS received the dispute letter.

16.   After receiving the dispute letter, EAS reported credit information regarding McGill's alleged debt to at least one credit reporting agency.

17.   When EAS communicated credit information regarding McGill's alleged debt to one or more credit reporting agencies, it failed to communicate that the alleged debt was disputed.

18.   The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

19.   The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

20.   McGill is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

21.   McGill is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

22.   EAS is a "debt collector" as defined by § 1692a(6) of the FDCPA.

23.   EAS is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

<u>COUNT I. VIOLATION OF THE FDCPA § 1692e(8)</u>

24.   Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

25.   Section 1692e(8) of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

[]

(8) Communicating or threatening to communicate to any person credit information which is known which should be known to be false, including the failure to communicate that a disputed debt is disputed.

26.    EAS violated § 1692e(8) of the FDCPA by communicating credit information to at least one credit reporting agency but failing to also communicate that the alleged debt was disputed.

### COUNT II. VIOLATION OF TDCA § 392.301(a)(3)

27.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

28.    Section 301(a)(3) of the TDCA states:

In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

[]

(3) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute[.]

29.    EAS violated § 392.301(a)(3) of the TDCA by representing to at least one credit reporting agency that McGill was willfully

refusing to pay a nondisputed consumer debt when the alleged debt was in dispute and McGill had notified EAS in writing of the dispute.

## COUNT III. VIOLATION OF TDCA § 392.202

30.   Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. EAS violated § 392.202 by failing to initiate an investigation of McGill's dispute or by failing to send a written statement to the letter regarding the investigation within 30 days.

## REQUEST FOR RELIEF

32.   Plaintiff requests this Court award him:

a.   Statutory damages of $1000 for EAS's violations of the FDCPA;

b.   Statutory damages of not less than $100 for each of EAS's violations of the TDCA under TDCA § 392.202;

c.   Injunctive relief under TDCA § 392.403(a)(1);

d.   Costs; and

e.   A reasonable attorney's fee.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully Submitted,
By: <u>s/Tyler Hickle</u>
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com